## 11338

### HOLMAN v. SMITH *ET AL.*

#### (119 S. E., 845)

MORTGAGES—MORTGAGEE'S PAYMENT OF INTEREST TO ASSIGNEE HELD TO PREVENT MORTGAGE FROM MATURING THOUGH VALUE OF LAND RECEIVED FROM MORTGAGOR NOT PAID OVER.—Where a mortgage provided that, if mortgagor paid the interest promptly, mortgagee would carry the mortgage ten years, and mortgagee assigned the note and mortgage guaranteeing collection, and mortgagor conveyed a part of the land to mortgagee for an amount which mortgagee agreed to credit on the note, but failed to pay over to assignee, *held*, that mortgagee may continue to prevent a foreclosure until the expiration of the ten-year period by paying the interest.

Before RICE, J., Abbeville, Fall Term, 1922.    Affirmed.

Action to foreclose a mortgage by Mrs. Olive B. Holman, as assignee, against M. G. Smith and another.    Judgment for defendants, and plaintiff appeals.    Affirmed.

The Decree of Circuit Judge H. F. Rice follows:

The above cause came up for hearing before me at the fall, 1922, term of Court for said County upon exceptions to the report of the Master.    This matter involves the foreclosure of a mortgage executed by the defendant Smith to his codefendant, Fretwell, and by the latter assigned to the plaintiff.    The defendants deny that there has been any breach of any condition of the mortgage which gives the plaintiff a right to foreclose.    The Master finds that the plaintiff is entitled to foreclosure.    In the main, his findings of fact are fully sustained by the evidence, but there is no evidence of any breach of any condition in the mortgage which entitles plaintiff to a foreclosure.    The mortgage is given to secure a note due one day after date, but the mortgage contains provision that, if the interest shall be paid promptly when due, then the mortgagor Smith shall have 10 years in which to pay the principal, with the right to pay any part of the principal he saw fit before the expiration of the 10-year period.    The note and mortgage must be construed together, as they together evidence the written agreement of the parties.    There are only two provisions of this mortgage which would give the holder the right to forclose before the expiration of the 10-year period by a breach thereof.    The first is the nonpayment of the interest on the date provided. The second is to be found in the insurance clause, "that if the insurance on the buildings be canceled, reduced or refused."    There is no evidence whatever that any of these conditions have been breached.    The plaintiff makes no claim, as I understand it, that the interest was not paid. The evidence shows that the buildings were insured.

The Master holds that, because the policies were not assigned or turned over to the plaintiff this constituted a breach of a condition which entitled plaintiff to foreclosure.    This

is error, because the mortgage does not so provide; it does provide that the buildings shall be insured for the benefit and protection of the mortgagee, and gives the latter the right to insure said buildings and charge the premiums up to the mortgagor as part of the principal debt, but it does not provide that the failure to take out insurance shall be a ground for foreclosure except in the particulars hereinabove pointed out. The mortgaged lands were sold to Smith by Fretwell, and the note and mortgage are to secure purchase money. Smith sold a part of the land back to Fretwell, and Smith claims the price to be paid was to be credited by Fretwell on the note immediately after the passing of the title. Fretwell denies this—that is, denies that he was to pay over the money at once—claiming that he was entitled to 10 years in which to pay the principal. I am satisfied that Smith knew nothing about the assignment of the note and mortgage to the plaintiff at the time he sold back to Fretwell a part of the land, and, if he had been correct in his presumption that Fretwell still held the note and mortgage, then the 10-year provision could have affected the transaction; but at the time this occurred the plaintiff was the owner and holder of the note and mortgage now in my file of the case. This transaction between these codefendants has no effect upon the issue before us, and I would not refer to it except for the fact that the Master holds that this transaction evidenced a waiver on the part of Smith of the right to 10 years in which to pay the principal, which holding is entirely erroneous, as he had the right, as above pointed out, to pay any part of the principal before the expiration of 10 years, if he saw fit to do so. My conclusion, therefore, is that at the time of the bringing of this suit the plaintiff had no right to foreclose.

It is therefore ordered that the exceptions of the defendants be sustained, and the complaint dismissed.

*Messrs. G. H. Geiger, Hood & Hood* and *Wilson & Neely,* for appellant, cite: *Rights of assignee of mortgage:* 92 S. C., 348; 113 S. C., 25; Wiltse on Mtge Fore Secs. 42,

59, 92; 27 Cyc., 1318. *Assignment·need not be recorded:*
110 S. C., 99. *Provisions of mortgage as affecting the note:*
103 S. E., 394; 19 L. R. A., 672; 40 L. R. A., 158; 78 S.
E., 425; 27 Cyc., 1135; 68 L. R. A., 146; 107 A. S. R.,
1003; 58 Pac., 872; 119 Pac., 64; 25 N. W., 810; 8 C. J.,
196-197; 110 S. C., 99.

*Mr. J. Howard Moore,* for respondent, cites: *Right of
mortgagee to insurance:* 52 S. C., 309.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

· This is an action to foreclose a mortgage. The appel-
lant's counsel in their argument make, the following state-
ment:

"This is an action for judgment on a promissory note in
the sum of $7,792.45, and foreclosure of a mortgage secur-
ing the payment of the same. The note and mortgage were
executed and delivered to J. J. Fretwell by his codefendant,
M. G. Smith, and assigned to the estate of S. D. Brownlee,
deceased, by J. J. Fretwell. In the assignment he guaranteed
the estate against loss of principal or interest. The execu-
tors of the estate of S. D. Brownlee assigned the note and
mortgage to the plaintiff, who is a beneficiary of the said
estate. The note is due, one day after date, but there is a
provision in the mortgage that, 'if the said M. G. Smith
pays the interest promptly each year when due on this debt,
J. J. Fretwell agrees to carry the same. for a period of 10
years.' The appellant admits that she received the interest
from J. J. Fretwell promptly on January 1st of each year
when due, and this is confirmed by the testimony, but
Fretwell was reimbursed by Smith in September, 1921,
for the interest maturing January, 1921. This in-
terest was not paid by Smith, therefore, at maturity. The
testimony further shows that Smith did not pay the interest
maturing January 1, 1922, but he did reconvey a part of the
land to J. J. Fretwell on the 24th day of December, 1921,

for the expressed consideration of $4,737, which sum Fretwell was to credit on Smith's note, but which he has not done, and did not tell Smith that he did not then own the note. This shows, according to the mortgagor's own testimony, that when this action was commenced in May, 1922, he had not paid any interest for the year 1921, and had delayed paying the interest for the year 1920 nine months after it was due. The appellant was the owner and holder of the note and mortgage at the time of the reconveyance of a part of the land by Smith to Fretwell, and she did not consent to this transfer, and had no knowledge thereof until a short time before filing the suit, and she did not know when she received the checks from Fretwell for interest that he was paying same with his own money. In fact had Fretwell credited the note on December 21, 1921, by the $4,737, as he promised Smith, Smith would not have owed appellant a full year's interest on the original principal on January 1, 1922, and consequently Fretwell's check to appellant on that date was in excess of what Smith would have owed appellant, and the excess represents a personal payment by Fretwell, evidently made by him for the purpose of trying to force an extension of the debt for his own benefit. Can Fretwell continue to refuse to pay appellant the $4,737, and by tendering the full amount of interest on the original debt at each maturity date force appellant to wait until the expiration of the 10-year period to enforce payment of the principal of her debt, or of the $4,737? If so, then he can convert a personal privilege made only to Smith to his own benefit, and thereby make his assignee await his pleasure in the matter, subject to such loss as time might bring as to his solvency, the land, we may safely assume, not being worth the debt."

The case was tried before Judge Rice, who refused the plaintiff a decree of foreclosure. The Decree of Judge Rice, which will be reported, is so full and satisfactory that little more need be written.

The fundamental error of the appellant is that she is not entitled to take advantage of a failure, if any, on the part of Fretwell to perform a subsequent contract made between Smith and Fretwell. The appellant was not a party to that agreement, and it was not made for her benefit. The appellant, Mrs. Holman Smith, and Fretwell were interested in the note and mortgage (two parts of one contract), and Fretwell was entitled to pay the interest due by Smith and thereby extend the time of payment. The mortgage provided for insurance, it is true, but a failure to insure and assign the policy to the holder of the mortgage gave the right to the holder of the mortgage to insure, but it was not to be a forfeiture of the time of payment. This action was prematurely brought, and counsel fees cannot be allowed, or judgment on the note.

The judgment is affirmed.